SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------- X
CARMEN ACOSTA,

                    Plaintiff,

            - against -

AMERICAN SALES & MANAGEMENT ORGANIZATION
CORPORATION and AMERICAN AIRLINES, INC.,

               Defendant(s).
------------------------------------------- X

Date Filed: 16868l07

Index No.:

**S U M M O N S**

Plaintiff designates
Bronx County as the
Place for trial

Plaintiffs address:
Bronx, New York

To the above named Defendants:

    **YOU ARE HEREBY SUMMONED** to answer this complaint in this

action and to serve a copy of your answer, or if the complaint

is not served with this summons, to serve a notice of appearance

on the plaintiff's attorney within 20 days after the service of

this summons, exclusive to the day of service ( or within 30

days after the service is complete if this summons is not

personally delivered to you within the State of New York) and in

the case of your failure to appear, judgment will be taken

against you by default for the relief demanded herein.

    **Notice:**   The nature of this action is for personal

injuries resulting from negligence.

    **The Relief Sought** is monetary damages for property damaged

in the sum to be determined by the court.

Upon failure to appear, judgment will be taken against you by default for the sum to be determined by the court with the costs of this action.

Plaintiff designates Bronx County as the place for trial. The basis of venue is the residence of the Plaintiff, 611 East 149th Street, Bronx, New York.

Dated:    Garden City, New York
          May 29, 2007

Dirk Marschhausen, Esq.
MARSCHHAUSEN & FITZPATRICK, P.C.
Attorney for Plaintiff
500 Old Country Road, Suite 103
Garden City, New York 11530
(516) 747-8000

Defendant's address:

**American Airlines, INC.**
c/o CT Corporation System
111 Eighth Avenue
New York, New York 10011

**AMERICAN SALES & MANAGEMENT ORGANIZATION CORPORATION(ASMO)**
1212 North West 65th Avenue
Miami, Florida 33152

**AMERICAN SALES & MANAGEMENT ORAGANIZATION CORPORATION**
c/o Corporation Service Company
80 State Street
Albany, New York 12207

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
---------------------------------------- X
CARMEN ACOSTA,

              Plaintiff,            **VERIFIED COMPLAINT**

        - against -          Index No.:

AMERICAN SALES & MANAGEMENT ORGANIZATION   16868\07
CORPORATION and AMERICAN AIRLINES, INC.,

            Defendant(s).
---------------------------------------- X

    Plaintiff, by her attorney MARSCHHAUSEN & FITZPATRICK, P.C.
as and for a Verified Complaint herein, allege upon information
and belief as follows:

    1.   At all times hereinafter mentioned, plaintiff CARMEN
ACOSTA is and was a resident of the County of Bronx, City and
State of New York.

    2.   At all times hereinafter mentioned, defendant AMERICAN
SALES & MANAGEMENT ORGANIZATION CORPORATION was and is a
domestic corporation duly organized and existing under and by
virtue of the laws of the State of New York, with a principal
place of business in the County of Nassau, State of New York.

    3.   At all times hereinafter mentioned, defendant
AMERICAN SALES & MANAGEMENT ORGANIZATION CORPORATION is and was
a foreign corporation authorized to do business in the State of
New York, with a principal place of business in the County of
Queens, City and State of New York.

4.  At all times hereinafter mentioned, defendant AMERICAN SALES & MANAGEMENT ORGANIZATION CORPORATION was and is a partnership duly organized and existing under and by virtue of the laws of the State of New York.

5.  At all times hereinafter mentioned, defendant AMERICAN SALES & MANAGEMENT ORGANIZATION CORPORATION was and is a Joint Venture duly organized and existing under and by virtue of the laws of the State of New York.

6.  At all times hereinafter mentioned, defendant AMERICAN AIRLINES, INC., was and is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York, with a principal place of business in the County of Nassau, State of New York.

7.  At all times hereinafter mentioned, defendant AMERICAN AIRLINES, INC., is and was a foreign corporation authorized to do business in the State of New York, with a principal place of business in the County of Queens, City and State of New York.

8.  At all times hereinafter mentioned, defendant AMERICAN AIRLINES, INC., was and is a partnership duly organized and existing under and by virtue of the laws of the State of New York.

9.    At all times hereinafter mentioned, defendant AMERICAN AIRLINES, INC., was and is a Joint Venture duly organized and existing under and by virtue of the laws of the State of New York.

10.    At all times hereinafter mentioned, defendant AMERICAN SALES & MANAGEMENT ORGANIZATION CORPORATION entered into a contract with defendant AMERICAN AIRLINES, INC. to provide wheelchairs and assistance to passengers on flights for John F. Kennedy Airport.

11.    At all times hereinafter mentioned, plaintiff was a passenger on American Airlines flight number 1732 departing from Puerto Rico and arriving at John F. Kennedy International Airport, County of Queens, State of New York.

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF CARMEN ACOSTA

12.    Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs "1" through "11" herein with the same force and effect as though the same were fully set forth at length herein.

13.    At all times hereinafter mentioned, defendant AMERICAN AIRLINES, INC., their agents, servants, pilots, flight attendants, and/or employees were aware that plaintiff CARMEN ACOSTA was paraplegic, disabled and lacked the ability of her legs.

14.  At all times hereinafter mentioned, defendant AMERICAN SALES & MANAGEMENT ORGANIZATION CORPORATION had an agreement with defendant, AMERICAN AIRLINES, INC. to provide wheelchair service at John F. Kennedy International Airport.

15.  At all times hereinafter mentioned, plaintiff CARMEN ACOSTA was at all times in the care, control, management and custody of defendant AMERICAN AIRLINES, INC.

16.  On or about July 29, 2004, plaintiff CARMEN ACOSTA was under the exclusive care, control, management and custody of defendant AMERICAN AIRLINES, INC. having been a passenger on flight 1732.

17.  On or about July, 29, 2004, while plaintiff was in the exclusive care, control, management and custody of defendant AMERICAN AIRLINES, INC., while being carried into a wheelchair by airline personnel she was dropped and caused to suffer severe crippling and permanent injuries.

18.  The incident and resulting injuries to plaintiff, CARMEN ACOSTA occurred while she was in the exclusive care, control, management, custody and supervision of defendant AMERICAN AIRLINES, INC. and occurred as a result of the careless and negligent supervision, care and control of defendant.

19.  The said defendant AMERICAN AIRLINES, INC. was careless, reckless and negligent in the supervision, care and control of plaintiff CARMEN ACOSTA, in the ownership, operation,

maintenance and management in that they failed to provide

adequate supervision, assistance, attention and care; in that

defendant failed to take proper means and precautions to avoid

and guard the happening of the accident negligently, carelessly

and recklessly hired, trained, employed and/or allowed the

defendants employees, including flight attendants to monitor and

supervise disabled passengers, including plaintiff CARMEN

ACOSTA; in that they failed to avoid and guard against the

happening of the accident; in that the defendants failed to

exercise due care and diligence to prevent plaintiff CARMEN

ACOSTA's injuries, and, in that in other ways, the defendants

were careless, reckless and negligent in causing plaintiff

CARMEN ACOSTA's  injuries.

20.   That the carelessness, negligence and recklessness of

the defendants was manifest in the defendant's ownership,

operation, maintenance and control of defendant AMERICAN

AIRLINES INC.; in its careless, reckless and negligent hiring of

incompetent personnel; in failing to properly train, instruct

and supervise its personnel; in failing to properly review said

plaintiff CARMEN ACOSTA's medical condition; in failing to

properly supervise the plaintiff; in failing to properly

maintain care to and provide aid for CARMEN ACOSTA; in causing,

allowing and permitting plaintiff CARMEN ACOSTA to be, become

and remain unattended to and ambulate without assistance or aid

of any of the personnel or employees of the defendants AMERICAN

AIRLINES, INC. in close attendance; in failing to properly and

appropriately carry plaintiff CARMEN ACOSTA from her chair to a

wheelchair, with the attention or care of an employee of the

defendants AMERICAN AIRLINES, INC.; in failing to abide by and

follow the recommendations, orders and/or directives of said

plaintiff CARMEN ACOSTA or other friends and family; in failing

to take appropriate preventive measures to insure that said

plaintiff could not ambulate on her own unattended and

unassisted; in failing to take appropriate care and caution to

transfer her from her seat to a wheelchair without dropping her;

in failing to provide proper caution and care for her safety;

failing to properly instruct their employees and personnel

relative to the care and attention necessary for the well being

of the plaintiff CARMEN ACOSTA; in failing to provide a safe

environment and surroundings for the plaintiff CARMEN ACOSTA;

and in neglecting to provide adequate and necessary care and

attention to said plaintiff CARMEN ACOSTA while being

transferred to a wheelchair.

21.   That by reason of the foregoing, plaintiff CARMEN

ACOSTA was rendered sick, sore, lame and disabled; was injured,

bruised and wounded about her body and limbs; lives in great

conscious pain and suffering for a long period of time.