22. The resulting personal injuries to plaintiff CARMEN ACOSTA were due solely to the careless, negligent and reckless misconduct of defendants AMERICAN AIRLINES, INC., without any negligence of plaintiff CARMEN ACOSTA in any way contributing thereto.

23. Solely as a result of the defendant's negligence, Plaintiff CARMEN ACOSTA was caused to suffer severe personal injuries to the mind and body and further that plaintiff was caused to be rendered sick, sore, lame and disabled and subject to great physical pain and mental anguish.

24. One or more of the exceptions of CPLR §1602 applies.

25. By reason of the foregoing, plaintiff CARMEN ACOSTA has been damaged in a sum to be determined by the court.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF CARMEN ACOSTA

26. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs "1" through "25" as if the same were more fully at length set forth herein.

27. At all times hereinafter mentioned, defendant AMERICAN SALES & MANAGEMENT ORGANIZATION CORPORATION, their agents, servants, and/or employees were aware that plaintiff CARMEN ACOSTA was paraplegic and disabled.

28. At all times hereinafter mentioned, defendant AMERICAN SALES & MANAGEMENT ORGANIZATION CORPORATION has an agreement with defendant, AMERICAN AIRLINES to provide wheelchair service at John F. Kennedy International Airport.

29. At all times hereinafter mentioned, plaintiff CARMEN ACOSTA was at all times in the care, control, management and custody of defendant AMERICAN SALES & MANAGEMENT ORGANIZATION CORPORATION.

30. On or about July 29, 2004, plaintiff CARMEN ACOSTA was under the exclusive care, control, management and custody of defendant AMERICAN SALES & MANAGEMENT ORGANIZATION CORPORATION having been a passenger on defendant, AMERICAN AIRLINES flight 1732.

31. On or about July, 29, 2004, while plaintiff was in the exclusive care, control, management and custody of defendant AMERICAN SALES & MANAGEMENT ORGANIZATION CORPORATION, while being carried into a wheelchair by company personnel she was dropped and caused to suffer severe crippling and permanent injuries.

32. The incident and resulting injuries to plaintiff, CARMEN ACOSTA occurred while she was in the exclusive care, control, management, custody and supervision of defendant AMERICAN SALES & MANAGEMENT ORGANIZATION CORPORATION and

occurred as a result of the careless and negligent supervision, care and control of defendant.

33. The said defendant AMERICAN SALES & MANAGEMENT ORGANIZATION CORPORATION was careless, reckless and negligent in the supervision, care and control of plaintiff CARMEN ACOSTA, in the ownership, operation, maintenance and management in that they failed to provide adequate supervision assistance, attention and care; in that defendant failed to take proper means and precautions to avoid and guard the happening of the accident negligently, carelessly and recklessly hired, trained, employed and/or allowed the defendants employees, including attendants to monitor and supervise disabled passengers, including plaintiff CARMEN ACOSTA; in that they failed to avoid and guard against the happening of the accident; in that the defendants failed to exercise due care and diligence to prevent plaintiff's CARMEN ACOSTA injuries, and, in that in other ways, the defendants were careless, reckless and negligent in causing plaintiff's CARMEN ACOSTA's injuries.

34. That the carelessness, negligence and recklessness of the defendants was manifest in the defendants ownership, operation, maintenance and control of defendant AMERICAN SALES & MANAGEMENT ORGANIZATION CORPORATION; in its careless, reckless and negligent hiring of incompetent personnel; in failing to properly train, instruct and supervise its personnel; in failing

to properly review said plaintiff CARMEN ACOSTA's medical condition; in failing to properly supervise the plaintiff; in failing to properly maintain care to and provide aid for CARMEN ACOSTA; in causing, allowing and permitting plaintiff CARMEN ACOSTA to be, become and remain unattended to and ambulate without assistance or aid of any of the personnel or employees of the defendants AMERICAN SALES & MANAGEMENT ORGANIZATION CORPORATION in close attendance; in failing to properly and appropriately carry plaintiff CARMEN ACOSTA from her chair to a wheelchair, with the attention or care of an employee of the defendant AMERICAN SALES & MANAGEMENT ORGANIZATION CORPORATION; in failing to abide by and follow the recommendations, orders and/or directives of said plaintiff CARMEN ACOSTA or other friends and family; in failing to take appropriate preventive measures to insure that said plaintiff could not ambulate on her own unattended and unassisted; in failing to provide proper caution and care for her safety; failing to properly instruct their employees and personnel relative to the care and attention necessary for the well being of the plaintiff CARMEN ACOSTA; in failing to provide a safe environment and surroundings for the plaintiff CARMEN ACOSTA; and in neglecting to provide adequate and necessary care and attention to said plaintiff CARMEN ACOSTA while being transferred to a wheelchair.

35. That by reason of the foregoing, plaintiff CARMEN ACOSTA was rendered sick, sore, lame and disabled; was injured, bruised and wounded about her body and limbs; lives in great conscious pain and suffering for a long period of time.

36. The resulting personal injuries to plaintiff CARMEN ACOSTA were due solely to the careless, negligent and reckless misconduct of defendant ASMO, without any negligence of plaintiff CARMEN ACOSTA in any way contributing thereto.

37. One or more of the exceptions of CPLR §1602 applies.

38. By reason of the foregoing, plaintiff CARMEN ACOSTA has been damaged in a sum to be determined by the court.

**WHEREFORE** the plaintiff demands judgment against the defendant as follows:

(a) On the first cause of action on behalf of plaintiff CARMEN ACOSTA, damages in a sum to be determined by a jury;

(b) On the second cause of action on behalf of plaintiff CARMEN ACOSTA, damages in a sum to be determined by a jury;

(c) Such other and further relief, as to this Court seems just, proper together with the costs and disbursements of this action including reasonable attorney fees.

Dated: Garden City, New York
May 29, 2007

_____
Dirk Marschhausen, Esq.
MARSCHHAUSEN & FITZPATRICK, P.C.
Attorney for Plaintiff
500 Old Country Road, Suite 103
Garden City, New York 11530
(516) 747-8000

ATTORNEY'S VERIFICATION

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NASSAU     )

DIRK MARSCHHAUSEN, an attorney at law duly admitted to practice in the Courts of the State of New York, affirms under the penalties of perjury as follows:

I am the attorney for the plaintiff in the above captioned action. I have read the foregoing Verified Complaint and know the contents thereof which are true to my own knowledge, except as to the matters therein states to be alleged on information and belief, as to those matters, I believe it to be true.

The reason this verification is made by me and not by plaintiff is that the plaintiff resides in the county other than the one in which I maintain my office.

The source of my information and grounds of my belief are communications with my client and others, papers, reports and investigation contained in the file.

Dated:    Garden City, New York
          May 29, 2007

                                                _____
                                                DIRK MARSCHHAUSEN

```
Index No.:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
===========================================
CARMEN ACOSTA,

                - against -

AMERICAN SALES & MANAGEMENT ORGANIZATION
and AMERICAN AIRLINES,

===========================================
```

**SUMMONS AND VERIFIED COMPLAINT**

```
===========================================
        MARSCHHAUSEN & FITZPATRICK, P.C.
             Attorney for Plaintiff
         500 Old Country Road, Suite 103
            Garden City, New York 11530
                  (516) 747-8000
```