UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------X
CARMEN ACOSTA,                                                              07 CIV 6326 (PAC) (FM)

                   Plaintiff,

   -against-                                                            **ANSWER WITH
                                                                             JURY DEMAND**
AMERICAN SALES & MANAGEMENT ORGANIZATION                                     **AND CROSS-CLAIM**
CORPORATION and AMERICAN AIRLINES, INC.,

                 Defendants.
--------------------------------------------------------------------------X

     Defendant, AMERICAN AIRLINES, INC., by and through their attorneys,

**RUTHERFORD & CHRISTIE, LLP**, as and for its Answer to the Verified Complaint of

plaintiff's herein, respectfully sets forth as follows, upon information and belief:

     FIRST:  Denies knowledge or information sufficient to form a belief as to the truth or

accuracy of the allegations contained in the paragraph designated "1" in the plaintiff's Verified

Complaint.

     SECOND:  Denies the truth of the allegations contained in the paragraph designated

as "2" of the plaintiff's Verified Complaint.

     THIRD:  Denies the truth of the allegations contained in the paragraph designated

as "3" of the plaintiff's Verified Complaint.

FOURTH:  Denies the truth of the allegations contained in the paragraph designated as "4" of the plaintiff's Verified Complaint.

FIFTH:  Denies the truth of the allegations contained in the paragraph designated as "5" of the plaintiff's Verified Complaint.

SIXTH:  Denies each of the allegations contained in the paragraph designated as "6" of the plaintiff's Verified Complaint, but admits that AMERICAN AIRLINES, INC. is a Delaware corporation with its principal place of business in Texas.

SEVENTH:  Denies each of the allegations contained in the paragraph designated as "7" of the plaintiff's Verified Complaint, but admits that AMERICAN AIRLINES, INC. is a Delaware corporation with its principal place of business in Texas.

EIGHTH:  Denies each of the allegations contained in the paragraph designated as "8" of the plaintiff's Verified Complaint, but admits that AMERICAN AIRLINES, INC. is a Delaware corporation with its principal place of business in Texas.

NINTH:  Denies each of the allegations contained in the paragraph designated as "9" of the plaintiff's Verified Complaint, but admits that AMERICAN AIRLINES, INC. is a Delaware corporation with its principal place of business in Texas.

TENTH: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated "10" in the plaintiff's Verified Complaint and refers all questions of law to this Honorable Court.

ELEVENTH:  Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated "11" in the plaintiff's Verified Complaint.

## AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF CARMEN ACOSTA

TWELFTH:  Defendant repeats, reiterates and realleges each and every response to the plaintiff's Verified Complaint contained in paragraphs "1" through "11" above with the same force and effect as if set forth herein at length.

THIRTEENTH:  Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated "13" in the plaintiff's Verified Complaint.

FOURTEENTH:  Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated "14" in the plaintiff's Verified Complaint and refers all questions of law to this Honorable Court.

FIFTEENTH:  Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated "15" in the plaintiff's Verified Complaint and refers all questions of law to this Honorable Court.

SIXTEENTH:  Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated "16" in the plaintiff's Verified Complaint and refers all questions of law to this Honorable Court.

SEVENTEENTH:  Denies each and every allegation contained in the paragraphs designated as "17" of the plaintiff's Verified Complaint.

EIGHTEENTH:  Denies each and every allegation contained in the paragraphs designated as "18" of the plaintiff's Verified Complaint.

NINETEENTH:  Denies each and every allegation contained in the paragraphs designated as "19" of the plaintiff's Verified Complaint.

TWENTIETH:  Denies each and every allegation contained in the paragraphs designated as "20" of the plaintiff's Verified Complaint.

TWENTY-FIRST:  Denies each and every allegation contained in the paragraphs designated as "21" of the plaintiff's Verified Complaint.

TWENTY-SECOND:  Denies each and every allegation contained in the paragraphs

designated as "22" of the plaintiff's Verified Complaint.


TWENTY-THIRD:  Denies each and every allegation contained in the paragraphs

designated as "23" of the plaintiff's Verified Complaint.


TWENTY-FOURTH:  Denies knowledge or information sufficient to form a belief as to

the truth or accuracy of the allegations contained in the paragraph designated "24" in the

plaintiff's Verified Complaint and refers all questions of law to this Honorable Court.


TWENTY-FIFTH:  Denies each and every allegation contained in the paragraphs

designated as "25" of the plaintiff's Verified Complaint.


**AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION
ON BEHALF OF PLAINTIFF CARMEN ACOSTA**

TWENTY-SIXTH:  Defendant repeats, reiterates and realleges each and every response

to the plaintiff's Verified Complaint contained in paragraphs "1" through "25" above with the

same force and effect as if set forth herein at length.


TWENTY-SEVENTH:  Denies knowledge or information sufficient to form a belief as

to the truth or accuracy of the allegations contained in the paragraph designated "27" in the

plaintiff's Verified Complaint.

TWENTY-EIGHTH:   Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated "28" in the plaintiff's Verified Complaint and refers all questions of law to this Honorable Court.

TWENTY-NINTH:  Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated "29" in the plaintiff's Verified Complaint.

THIRTIETH:  Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated "30" in the plaintiff's Verified Complaint.

THIRTY-FIRST:  Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated "31" in the plaintiff's Verified Complaint.

THIRTY-SECOND:  Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated "32" in the plaintiff's Verified Complaint.

THIRTY-THIRD:  Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated "33" in the plaintiff's Verified Complaint.

THIRTY-FOURTH:  Denies each and every allegation contained in the paragraphs designated as "34" of the plaintiff's Verified Complaint.

THIRTY-FIFTH:  Denies each and every allegation contained in the paragraphs designated as "35" of the plaintiff's Verified Complaint.

THIRTY-SIXTH:  Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated "36" in the plaintiff's Verified Complaint.

THIRTY-SEVENTH:  Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated "37" in the plaintiff's Verified Complaint and refers all questions of law to this Honorable Court.

THIRTY-EIGHTH:  Denies each and every allegation contained in the paragraphs designated as "38" of the plaintiff's Verified Complaint.

**AS AND FOR A FIRST SEPARATE
AND COMPLETE AFFIRMATIVE DEFENSE**

THIRTY-NINTH: Upon information and belief, that whatever damages the plaintiff may have sustained at the time and place mentioned in the Verified Complaint were caused in whole or in part by the culpable conduct of said plaintiff.  The amount of damages recovered, if any, shall therefore be diminished in the proportion to which said culpable conduct, attributable to Plaintiff, bears to the culpable conduct which caused said damages.

**AS AND FOR A SECOND SEPARATE**
**AND COMPLETE AFFIRMATIVE DEFENSE**

FORTIETH:  If the injuries and damages were sustained by the plaintiff at the time and

place and in the manner alleged in the Complaint, such damages and injuries are attributable, in

whole or in part, to the culpable conduct of third parties, and if any damages are recoverable

against the defendant, the amount of such damages shall be diminished in the proportion that the

culpable conduct attributable to third parties bears to the culpable conduct which caused the

damages pursuant to CPLR §1601.

**AS AND FOR A THIRD SEPARATE**
**AND COMPLETE AFFIRMATIVE DEFENSE**

FORTY-FIRST:  That the Complaint herein fails to state a cause of action upon which

relief may be granted against the defendant.

**AS AND FOR A FOURTH SEPARATE**
**AND COMPLETE AFFIRMATIVE DEFENSE**

FORTY-SECOND:  The answering defendant, its agents, servants and/or employees did

not take part in or direct any of the acts complained of which resulted in plaintiff's alleged

damages.

**AS AND FOR A FIFTH SEPARATE**
**AND COMPLETE AFFIRMATIVE DEFENSE**

FORTY-THIRD:  Plaintiff's damages were caused and brought about by an intervening

and superseding cause and were not caused by the defendant, or by a person or entity for whom

the defendant is responsible.

## AS AND FOR A SIXTH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

FORTY-FOURTH:  The defendant's liability, if any, to the plaintiffs is limited under

Article 16 of the Civil Practice Law & Rules of the State of New York.

## AS AND FOR A SEVENTH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

FORTY-FIFTH:  Upon information and belief, plaintiff's economic loss, if any, as

specified in §4545 of the CPLR, was or will be replaced or indemnified, in whole or in part,

from collateral sources, and the answering defendant is entitled to have the Court consider the

same in determining such special damages as provided in §4545 of CPLR.

## AS AND FOR AN EIGHTH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

FORTY-SIXTH: The answering defendant, pursuant to §1412 of the CPLR, alleges

upon information and belief that if the plaintiff sustained any damages at the time and place

alleged in the Complaint, such damages were the result of the culpable conduct of the plaintiff

because of the plaintiff's negligence or assumption of risk.  Should it be found, however, that

defendant is liable to the plaintiff herein, any liability being specifically denied, then the

defendant demands that any damages that are found to be apportioned among the respective

parties according to the degree of responsibility each is found to have in the occurrence, in

proportion to the entire measure of responsibility for the occurrence.

## AS AND FOR A NINTH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

FORTY-SEVENTH:  Any injuries or damages claimed were caused, in whole or in part,

by the negligence or other culpable conduct of third parties over which the answering defendant

had no control or right to exercise such control.


## AS AND FOR A TENTH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

FORTY-EIGHTH: Pursuant to its tariffs on file with the Department of Transportation

of the United States, AMERICAN AIRLINES, INC.'s liability, if any, is partial only and

limited.


## AS AND FOR AN ELEVENTH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

FORTY-NINTH:  The liability of defendant, AMERICAN AIRLINES, INC., if any,

with respect to the injuries allegedly sustained by plaintiff, is limited in accordance with

AMERICAN AIRLINES, INC.'s Conditions of Carriage and Contract of Carriage and tariffs.


## AS AND FOR A TWELFTH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

FIFTIETH:  The Court does not have jurisdiction over the answering defendant

based upon improper service of process.


## AS AND FOR A THIRTEENTH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

FIFTY-FIRST:  The defendant took all necessary measures to avoid the occurrence

alleged in plaintiff's Complaint.

**AS AND FOR A FIRST CROSS-CLAIM AGAINST DEFENDANT AMERICAN SALES**
**& MANAGEMENT ORGANIZATION CORPORATION, THE ANSWERING**
**DEFENDANT HEREBY ALLEGES THE FOLLOWING:**

FIFTY-SECOND: That if the plaintiff was caused to sustain damages at the time and

place set forth in the plaintiffs' complaint through any carelessness, recklessness and/or

negligence other than the plaintiff's own, such damages were sustained wholly due to the

primary and active carelessness, recklessness and negligent acts omissions by defendant

American Sales & Management Organization Corporation, their agents, servants and/or

employees with the negligence of the answering defendant, if any, being secondary, derivative

and by operation of law.

FIFTY-THIRD:   Further, if plaintiff should recover judgment against the answering

defendant, then defendant American Sales & Management Organization Corporation shall be

liable to indemnify the answering defendant in whole for the amount of any recovery obtained

herein by the plaintiff against the answering defendant as the Court or Jury may direct.

FIFTY-FOURTH: That by reason of this action, said answering defendant has/have been

and will be put to costs and expenses including attorneys' fees, and the answering defendant

demands judgment over and against defendant American Sales & Management Organization

Corporation for the amount of any judgment which may be obtained herein by the plaintiff

against the answering defendant or in such amount as the Court or Jury may direct together with

the costs and disbursements of the action.


**AS AND FOR A SECOND CROSS-CLAIM AGAINST DEFENDANT AMERICAN**
**SALES & MANAGEMENT ORGANIZATION CORPORATION, DEFENDANT**
**AMERICAN AIRLINES, INC., ALLEGES**

FIFTY-FIFTH: Upon information and belief, that if and in the event Plaintiff(s)

sustained the injuries and damages complained of, such injuries and damages were caused in

whole or in part, by reason of the negligence, carelessness, recklessness, violations of law and strict liability of the defendant American Sales & Management Organization Corporation, without any wrongdoing on the part of the answering defendant contributing thereto.

FIFTY-SIXTH: By reason of the foregoing, in the event that any judgment or verdict is recovered against the answering defendant, answering defendant is entitled to contribution from and to judgment over and against defendant American Safety & Management Organization Corporation equal to the proportionate share of responsibility as is adjudged between all the defendants herein.

## DEMAND FOR A JURY TRIAL

FIFTY-SEVENTH:  Defendant demands a trial by jury as to any and all issues raised in the Complaint and this Answer which are triable before a jury.

**WHEREFORE,** defendant, AMERICAN AIRLINES, INC., demands judgment dismissing the Complaint herein, together with costs and disbursements incurred in this action.

Dated: New York, New York
   July 13, 2007

        Respectfully submitted,

       **RUTHERFORD & CHRISTIE, LLP**

      By: S/ David S. Rutherford
        David S. Rutherford (DR 8564)
        Attorneys for Defendants,
        AMERICAN AIRLINES, INC.
        300 East 42nd Street, 18th Floor
        New York, New York 10017
        (212)  599-5799

TO:    MARSCHHAUSEN & FITZPATRICK, P.C.
Attorneys for Plaintiff
CARMEN ACOSTA
500 Old Country Road, Suite 103
Garden City, New York 11530
(516)747-8000
Attn: Dirk Marschhausen, Esq.

MARTINEZ & RITORTO, P.C.
Attorneys for Co-Defendant
AMERICAN SALES & MANAGEMENT
ORGANIZATION CORPORATION (ASMO)
67 Wall Street
New York, New York 10005
(212) 248-0800
Attn: Louis R. Martinez, Esq.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the **ANSWER WITH JURY DEMAND AND NOTICE TO TAKE DEPOSITION UPON ORAL EXAMINATION,** along with all exhibits attached thereto, were served regular mail to MARSCHHAUSEN & FITZPATRICK, P.C., 500 Old Country Road, Suite 103, Garden City, New York 11530, Attention: Dirk Marschhausen, Esq. and MARTINEZ & RITORTO, P.C., 67 Wall Street, New York, New York 10005, Attn: Louis R. Martinez, Esq., on the 13th day of July, 2007.

Respectfully submitted,

**RUTHERFORD & CHRISTIE, LLP**

By: S/ David S. Rutherford
      David S. Rutherford (DR 8564)
      Attorneys for Defendants,
      AMERICAN AIRLINES, INC.
      300 East 42nd Street, 18th Floor
      New York, New York 10017
      (212) 599-5799