Louis R. Martinez (LM9155)
Richard Ritorto (RR2774)
MARTINEZ & RITORTO, P.C.
67 Wall Street, 25th Floor
New York, New York 10005
Tel. (212) 248-0800
Attorneys for Defendant:
AMERICAN SALES & MANAGEMENT
ORGANIZATION CORPORATION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CARMEN ACOSTA,

    Plaintiff,

 -against-

AMERICAN SALES & MANAGEMENT ORGANIZATION CORPORATION and AMERICAN AIRLINES, INC.,

    Defendants.

Case No.: 07-6326(PAC)(FM)

**AMERICAN SALES & MANAGEMENT ORGANIZATION CORPORATION'S ANSWER**

---

  Defendant AMERICAN SALES & MANAGEMENT ORGANIZATION CORPORATION (hereinafter referred to as "ASMORG"), by its attorneys, Martinez & Ritorto, P.C., as and for an Answer to Plaintiff's Verified Complaint herein, respectfully alleges upon information and belief as follows:

  1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Verified Complaint.

  2. Denies the allegations of Paragraph 2 of the Verified Complaint, as ASMORG is a Florida corporation with its principal place of business in Florida.

  3. Denies the allegations of Paragraph 3 of the Verified Complaint as stated, except admits that ASMORG is a foreign corporation authorized to do business in the State of New York.

    4.    Denies the allegations of Paragraph 4 of the Verified Complaint.

    5.    Denies the allegations of Paragraph 5 of the Verified Complaint.

    6.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Verified Complaint.

    7.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Verified Complaint.

    8.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Verified Complaint.

    9.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Verified Complaint.

    10.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Verified Complaint.

    11.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Verified Complaint.

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF CARMEN ACOSTA

    12.    Defendant ASMORG repeats, realleges, and incorporates herein by reference all of the responses, allegations and denials contained in Paragraphs 1 through 11 of this Answer as if fully stated herein.

    13.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Verified Complaint.

    14.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Verified Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Verified Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Verified Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Verified Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Verified Complaint.

19. Denies the allegations of Paragraph 19 of the Verified Complaint to the extent they apply to ASMORG, and otherwise denies knowledge or information sufficient to form a belief as to the truth of such allegations.

20. Denies the allegations of Paragraph 20 of the Verified Complaint to the extent they apply to ASMORG, and otherwise denies knowledge or information sufficient to form a belief as to the truth of such allegations.

21. Denies the allegations of Paragraph 21 of the Verified Complaint to the extent they apply to ASMORG, and otherwise denies knowledge or information sufficient to form a belief as to the truth of such allegations.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Verified Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Verified Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the Verified Complaint, and respectfully refers all questions of law to the Honorable Court.

25. Denies the allegations of Paragraph 25 of the Verified Complaint.

### AS AND FOR A SECOND CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF CARMEN ACOSTA

26. Defendant ASMORG repeats, realleges, and incorporates herein by reference all of the responses, allegations and denials contained in Paragraphs 1 through 25 of this Answer as if fully stated herein.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the Verified Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the Verified Complaint.

29. Denies the allegations of Paragraph 29 of the Verified Complaint.

30. Denies the allegations of Paragraph 30 of the Verified Complaint.

31. Denies the allegations of Paragraph 31 of the Verified Complaint.

32. Denies the allegations of Paragraph 32 of the Verified Complaint.

33. Denies the allegations of Paragraph 33 of the Verified Complaint, but to the extent such allegations apply to American Airlines, denies knowledge or information sufficient to form a belief as to their truth.

34. Denies the allegations of Paragraph 34 of the Verified Complaint, but to the extent such allegations apply to American Airlines, denies knowledge or information sufficient to form a belief as to their truth.

35. Denies the allegations of Paragraph 35 of the Verified Complaint, but to the extent such allegations apply to American Airlines, denies knowledge or information sufficient to form a belief as to their truth.

36. Denies the allegations of Paragraph 36 of the Verified Complaint.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37 of the Verified Complaint, and respectfully refers all questions of law to the Honorable Court.

38. Denies the allegations of Paragraph 38 of the Verified Complaint.

## AS AND FOR A FIRST DEFENSE

39. This Court lacks personal jurisdiction over Defendant ASMORG, as Plaintiff failed to serve process on ASMORG.

## AS AND FOR A SECOND DEFENSE

40. This Court lacks personal jurisdiction over Defendant ASMORG, as Plaintiff failed to serve process on ASMORG in accordance with applicable law.

## AS AND FOR A THIRD DEFENSE

41. The Verified Complaint and each purported claim for relief fails to state a claim against ASMORG upon which relief can be granted.

## AS AND FOR A FOURTH DEFENSE

42. Plaintiff failed to join persons who ought to be parties or are necessary and/or indispensable to a just adjudication of her claims.

## AS AND FOR A FIFTH DEFENSE

43. The occurrence and damages alleged in the Verified Complaint, if any, were contributed to by the fault, neglect, and want of care of persons or parties other

than ASMORG for whose acts or omissions ASMORG is not liable or responsible, and any liability or responsibility for damages sustained by Plaintiff is thereby barred or, in the alternative, should be apportioned in accordance with applicable law.

### AS AND FOR A SIXTH DEFENSE

44.     If Plaintiff was damaged as alleged in the Verified Complaint or otherwise as may be shown, such damages were solely and proximately caused by the independent, intervening, or superseding acts or omissions of other parties or persons for which ASMORG is not liable or responsible.

### AS AND FOR A SEVENTH DEFENSE

45.     The occurrence and damages alleged in the Verified Complaint, if any, were caused in whole or in part by the assumption of the risk, negligence, and/or lack of due care on the part of Plaintiff.

### AS AND FOR AN EIGHTH DEFENSE

46.     To the extent Plaintiff sustained damages as alleged in the Verified Complaint, Plaintiff failed to mitigate damages as required by applicable law.

### AS AND FOR A NINTH DEFENSE

47.     The occurrence and damages alleged in the Verified Complaint, if any, resulted from an Act of God, unavoidable accident, unavoidable danger, sudden emergency, or conditions or occurrences for which ASMORG is not liable or responsible.

### AS AND FOR A TENTH DEFENSE

48.     Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

## AS AND FOR AN ELEVENTH DEFENSE

49. If it is determined that Plaintiff received or will with reasonable certainty receive the cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss, and that the same shall be replaced or indemnified, in whole or in part, from any collateral source, then in that event, the assessment of any such cost or expense is hereby pleaded as a collateral source in reduction of the amount of any award obtained herein.

## AS AND FOR A TWELFTH DEFENSE

50. ASMORG's liability is limited according to Article 16 of the New York CPLR or other similar law.

## AS AND FOR A THIRTEENTH DEFENSE

51. Plaintiff's alleged injuries were the result of a pre-existing physical and/or medical and/or psychological condition.

## AS AND FOR A FOURTEENTH DEFENSE

52. ASMORG incorporates herein by reference all Affirmative Defenses heretofore or hereafter asserted by any other Defendant in this Action except to the extent any such Affirmative Defense may contain allegations adverse to ASMORG.

## AS AND FOR A FIFTEENTH DEFENSE

53. ASMORG reserves its right to assert any and all additional defenses as may be revealed by further investigation and discovery. ASMORG further reserves its right to bring third-party actions against those who may be liable to ASMORG or to Plaintiff directly as revealed by further investigation and discovery.

## AS AND FOR A CROSSCLAIM
## AGAINST DEFENDANT AMERICAN AIRLINES, INC.
## AND ANY OTHER DEFENDANT IN THE ACTION

54. The allegations of injuries and damages in the Verified Complaint, which are specifically incorporated herein by reference, but denied by ASMORG, occurred solely by reason of the acts or omissions of the Co-Defendant AMERICAN AIRLINES, INC., and any other Defendant in the action, and not through any conduct of ASMORG.

55. If judgment is entered in favor of Plaintiff against ASMORG, then Co-Defendant AMERICAN AIRLINES, INC., and any other Defendant in the action, are correspondingly liable to ASMORG in negligence, breach of contract, and breach of warranty.

56. If judgment is entered in favor of Plaintiff against ASMORG, then ASMORG is entitled to common law and/or contractual contribution and/or indemnity from Co-Defendant AMERICAN AIRLINES, INC., and any other Defendant in the action.

WHEREFORE, having fully answered the allegations contained in Plaintiff's Verified Complaint, Defendant AMERICAN SALES & MANAGEMENT ORGANIZATION CORPORATION demands judgment dismissing said Verified Complaint herein, together with the costs and disbursements of this action, including

reasonable attorneys' fees, and for such other and further relief as the Court may deem just and proper.

Dated: New York, NY
       July 18, 2007

                                      **MARTINEZ & RITORTO, P.C.**

                                      /s/
                          By_____
                              Louis R. Martínez (LM9155)

67 Wall Street, 25th Floor
New York, New York 10005
Tel: (212) 248-0800

*Attorneys for Defendant*
AMERICAN SALES & MANAGEMENT
ORGANIZATION CORPORATION