USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUL 0 9 2008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CARMEN ACOSTA,

                Plaintiff,

-against-

AMERICAN SALES & MANAGEMENT ORGANIZATION
CORPORATION and AMERICAN AIRLINES, INC.,

                Defendants.

---

Case No.: 07-6326(PAC)(FM)

**STIPULATED PROTECTIVE
ORDER**

---

       During discovery in this action, the undersigned Parties may be required to

produce documents, answer interrogatories and requests for admission, and provide

testimony that might reveal confidential information, including proprietary business

information, trade secrets, insurance, and financial or medical information that should not

be disclosed except in a highly restricted manner. The Parties desire to accomplish and

facilitate discovery in this action without jeopardizing business, commercial, or personal

interests in the confidentiality of this information. The undersigned Parties therefore

agree that:

       1.    The Parties shall have the right to designate as "CONFIDENTIAL" any

document, interrogatory answer, response to request for admission, deposition testimony,

or other testimony given or produced in this litigation, provided that it concerns

confidential information, including nonpublic financial information, commercial

information relating to competitive considerations, or any other nonpublic, proprietary, or

confidential business information or financial information of the Parties. Any documents

or information designated as "CONFIDENTIAL" (hereinafter "Confidential Material")

shall have the legend "CONFIDENTIAL" placed on it and thereafter shall be treated pursuant to the provisions of this Stipulated Protective Order.

2.     Confidential Material shall be used by the Parties and their counsel solely for the purpose of conducting the above-captioned litigation and shall not be communicated at any time, in any manner, directly or indirectly, to anyone other than a person qualified under the terms of this Stipulated Protective Order as set forth in paragraph 3, below. The attorneys of record for the Parties are responsible for employing adequate and reasonable measures to ensure compliance with this Stipulated Protective Order.

3.     Prior to trial, access to Confidential Material and to the information contained therein (including extracts and summaries derived from such material) shall be restricted to the following Qualified Persons:

(a) the attorneys working on this action on behalf of the Parties, and their employees or agents working on this action;

(b) the Parties, their employees, officers, agents, and insurers who are working on this action and whose assistance is required in the preparation of this matter for trial;

(c) experts, consultants, and their respective staffs who are employed or retained by any of the Parties or their counsel, provided that they may not retain the Confidential Material after that use has ended, and further provided that such experts and consultants are advised of the existence of this Stipulated Protective Order and given an opportunity to read it, and agree to treat such Confidential Material in accordance with its terms;

(d) deposition witnesses, provided that they are advised of the existence of this Stipulated Protective Order and given an opportunity to read it, and agree to treat such Confidential Material in accordance with its terms;

(e) private court reporting and document reproduction services;

(f) the Court and its support personnel and court reporters; and

(g) any person designated by mutual agreement of the Parties, or by the Court in the interest of justice, upon such terms as the Court may deem proper.

2

4.      Every recipient of Confidential Material is hereby enjoined from disclosing such Confidential Material to anyone other than a Qualified Person described in paragraph 3. Any such disclosure shall be deemed a material breach of this Stipulated Protective Order, which may result in irreparable harm to the producing Party.

5.      Before making disclosure of any Confidential Material to any Qualified Person under paragraph 3(a)-(e) and (g) of this Stipulated Protective Order, a Party shall provide such person with a copy of this Stipulated Protective Order.

6.      The inadvertent failure of a Party to designate discovery material as Confidential Material at the time of production shall not constitute a waiver of the Party's claim to confidentiality as long as the Party promptly designates such material as Confidential Material under the protection of this Stipulated Protective Order. The recipient of such documents agrees to cooperate with the producing Party to remedy the inadvertent disclosure.

7.      A Party shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and its failure to do so shall not preclude a subsequent challenge to such a designation. In the event that a Party disagrees at any stage of these proceedings with another Party's designation of any material as Confidential Material, the Parties shall attempt to resolve such dispute in good faith on an informal basis. If the disagreement cannot be resolved in this fashion, a Party may, by sealed motion setting forth with specificity the material challenged, seek an order freeing that material from the designation as Confidential Material. Any material as to which such a motion is made shall be treated as Confidential Material under the provisions of this Stipulated Protective Order until further order of the Court. In the event that a motion is brought before the Court concerning a confidential designation, the burden to

3

prove that the designated material is subject to the protections of this Stipulated
Protective Order rests with the party making the confidential designation.

8.    In the event that counsel for any Party files with the Court any
Confidential Material or any papers containing or making reference to any such material,
such material and papers shall be filed only "UNDER SEAL" in a sealed envelope that
shall be labeled "Confidential Material Subject to Protective Order" and containing a
statement substantially in the following form:

> This envelope contains documents that are filed in this case by [name of
> Party] and is not to be opened, nor the contents thereof to be displayed or
> revealed, except by Order of this Court.

9.    This Protective Order shall not prevent Confidential Material from being
offered or received as evidence at trial, subject to such confidentiality measures as the
Court may then prescribe, if any.  But for such use at trial, Confidential Material shall
continue to be treated in accordance with this Stipulated Protective Order.  The use or
admission of Confidential Material at trial shall not affect the right of the Parties to
designate the same or similar materials as Confidential Material in any other or
subsequent litigation, civil action, or proceeding.

10.    Within thirty (30) days of the termination of this litigation, including
settlement or the final determination of any appeal, all Confidential Materials and all
copies, summaries, or excerpts thereof, shall either be returned to counsel for the
producing party or shall be destroyed.  With respect to the dissemination of confidential
information that has been distributed to Qualified Persons under paragraph 3(a)-(e) and
(g) of this Stipulated Protective Order, counsel for each Party shall certify that he or she
has recovered all Confidential Material from said Qualified Persons to whom such
materials may have been distributed during the litigation and has returned such

4

documents to counsel for the producing Party or shall obtain an affidavit from said individuals attesting to the fact that the confidential materials have been destroyed.

11.     In the event that any recipient of Confidential Material is served with a subpoena, document request, or other request for the production of Confidential Material in other litigation, such recipient shall assert the existence of this Protective Order and refuse to produce such documents unless ordered to do so by a court of competent jurisdiction. The recipient of the request shall immediately notify counsel for the producing Party and cooperate with counsel for the producing Party in the event the producing Party files a motion to quash or prevent such disclosure.

12.     This Stipulated Protective Order shall survive the termination of this litigation and the Court shall retain jurisdiction over the Parties, their attorneys, agents, and employees, to enforce the provisions hereof.

13.     Nothing contained in this Stipulated Protective Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the Confidential Material nor shall it prevent any Party from using or disclosing its own Confidential Material for any purpose.

14.     This Stipulated Protective Order represents a valid and binding agreement of the Parties effective as of the date executed by their authorized representatives.

**AGREED** by and between the undersigned Parties, by and through their duly authorized representatives, intending to be legally bound, this _____ day of May, 2008.

By: _____

Dirk Marschhausen, Esq. (DM7930)
Marschhausen & Fitzpatrick, P.C.
500 Old Country Road, Suite 103
Garden City, NY 11530
Tel.: 516-747-8000

5

*Attorney for Plaintiff*

By: _____
    Louis R. Martinez, Esq. (LM9155)
    MARTINEZ & RITORTO
    67 Wall Street, 25th Floor
    New York, NY 10005
    (212) 248-0800
    *Attorney for Defendant*
    American Sales and Management Operations Corporation

By: _____
    David S. Rutherford, Esq. (DR8564)
    L. Diana Mulderig, Esq. (LM9835)
    Rutherford & Christie, LLP
    369 Lexington Ave, 8th Floor
    New York, NY 10017
    Tel.: 212-599-5799
    *Attorney for Defendant*
    American Airlines, Inc.

IT IS SO ORDERED, this _9th_ day of _July_ _____, 2008.

_____
Hon. Paul A. Crotty
United States District Judge

6